AO 102 (01/09) Application for a Tracking Warrant

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
NOV 2 2 2016
JULIA C. DUDLEY, CLERK
BY: /s/ K. Doty
DEPUTY CLERK

SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )  UNDER SEAL
*the object or property to be used for tracking)* )
A BLACK 2003 LINCOLN NAVIGATOR BEARING ) Case No. 5:16mj00033
VIRGINIA LICENSE PLATE NUMBER VDT-3643 )
AND VEHICLE IDENTIFICATION NUMBER (VIN) )
5LMFU28R23L149843 )

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 841(a)(1). Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.
☐ The activity in this district relates to domestic or international terrorism.
☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A BLACK 2003 LINCOLN NAVIGATOR BEARING VIRGINIA LICENSE PLATE NUMBER VDT-3643 AND VEHICLE IDENTIFICATION NUMBER (VIN) 5LMFU28R23L149843

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Received by reliable electronic means and sworn and attested to by telephone.

*Applicant's signature*
Nathan K. Ferguson, Detective, LCSO / TFO, FBI
*Applicant's printed name and title*

~~Sworn to before me and signed in my presence.~~

Date: 11/22/16

*Judge's signature*

City and state: Charlottesville, VA

The Honorable Joel C. Hoppe, United States Magistrate
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | **SEALED** |
| FOR A WARRANT AUTHORIZING THE ) | |
| INSTALLATION AND USE OF A GPS ) | |
| TRACKING DEVICE ON A BLACK 2003 ) | Case No. 5:16mj00033 |
| LINCOLN NAVIGATOR BEARING VIRGINIA ) | |
| LICENSE PLATE NUMBER VDT-3643 AND ) | |
| VEHICLE IDENTIFICATION NUMBER ) | |
| (VIN) 5LMFU28R23L149843 ) | |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF AN ELECTRONIC TRACKING DEVICE

I, Nathan K. Ferguson, a Detective with the Loudoun County Sheriff's Office (LCSO) and Task Force Officer with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state that upon information and belief and state as follows:

1.   I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device **on a black 2003 Lincoln Navigator** bearing Virginia license plate number **VDT-3643** and vehicle identification number 5LMFU28R23LI49843 ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of a conspiracy involving SHANNON TRACY ("TRACY") and ROSANNA RUTH CARTER (CARTER) to distribute cocaine base, a Schedule II controlled substance, in Loudoun County, located within the Eastern District of Virginia, and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the

commission of those and related crimes. The tracking device is currently in the possession of the LCSO, who will install, use, maintain and replace the GPS mobile tracking device.

2. I am a Detective in the Narcotics Unit of the Loudoun County Sheriff's Office (LCSO) and have been employed with them since 2005. I am also a sworn Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI). I am currently assigned to a squad that investigates violent gangs, criminal enterprises, and drug trafficking out of the Washington (D.C.) Field Office, Northern Virginia Resident Agency. I have been assigned to this squad since May 2016.

3. As a narcotics detective, I have received extensive training in the enforcement of the criminal laws of the United States, as well as extensive training in criminal investigations. I have also participated in numerous investigations involving unlawful narcotics distribution. In these investigations, I have been involved in the application for and execution of many arrest and search warrants for narcotics related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, illegal drug proceeds, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and users of controlled dangerous substances.

4. The facts and information contained in this affidavit are based on my personal knowledge as well as that of the other agents involved in this investigation. All observations that were not made personally by me were related to me by the persons who made the observations.

2

This affidavit is being submitted for the limited purpose of seeking a warrant to install and use a tracking device. I have not included each and every fact known to me concerning this investigation.

## BACKGROUND AND HISTORICAL USE OF THE SUBJECT VEHICLE

5. On or about February 6, 2015, LCSO detectives conducted surveillance at 8 Lindenwood Court, Sterling, Virginia, an address associated with TRACY as confirmed by a law enforcement database query. LCSO detectives observed the SUBJECT VEHICLE parked at the residence. That same day, LCSO Detectives observed TRACY enter the SUBJECT VEHICLE and followed the vehicle to a residence located in Sugarland Run, a community in Loudoun County, Virginia. An unidentified female entered the driver's side of the SUBJECT VEHICLE while TRACY moved into the passenger seat. LCSO Detectives followed the SUBJECT VEHICLE as it departed and made its way to the Leesburg Outlet Mall located in Leesburg, Virginia. LCSO Detectives observed the SUBJECT VEHICLE park and meet with an unidentified male (UM-1) in white pick-up truck (UV-1) bearing a corporate logo in the parking lot near a TGIF restaurant. Law enforcement observed TRACY remove a plastic bag from his coat pocket, hand the plastic bag to UM-1, and receive an unidentified amount of U.S. currency from UM-1.

6. Based on my training and experience, your affiant believes TRACY conducted a narcotics transaction with UM-1 while operating the SUBJECT VEHICLE.

7. On or about February 22, 2015, according to data provided by a GPS tracker that LCSO had installed on the SUBJECT VEHICLE by LCSO as part of the previous investigation, the SUBJECT VEHICLE was located in the parking lot of 627-699 Comer Drive, Stephens City,

Virginia. CS-1 previously informed LCSO Detectives that TRACY would typically meet with his Winchester, Virginia, source of supply in the parking lot of Comer Drive, Stephens City, Virginia.

8. On or about February 24, 2015, LCSO Detectives observed TRACY in the SUBJECT VEHICLE in the parking lot of 100 Gateway Drive, Purcellville, Virginia. LCSO Detectives observed a white pickup truck (UV-2), bearing the same corporate logo as UV-1, pull into the parking spot next to the SUBJECT VEHICLE. Law enforcement observed TRACY exit the SUBJECT VEHICLE and make contact with the driver of UV-2. TRACY entered the driver's side of the SUBJECT VEHICLE, and the white pickup truck exited the parking lot.

9. Based on my training and experience, your affiant believes TRACY conducted a narcotics transaction with the driver of UV-2 while operating the SUBJECT VEHICLE.

10. On March 4, 2015, LCSO detectives observed the SUBJECT VEHICLE in the parking lot of McDonald's restaurant in Purcellville, Virginia. Law enforcement observed a white pickup truck (UV-3), bearing the same corporate logo as UV-1 and UV-2, parked approximately four parking spaces from the SUBJECT VEHICLE. An unidentified male (UM-2) exited UV-3 and entered McDonalds. UM-2 was observed exiting the McDonalds restaurant and entering UV-3. A moment later TRACY was observed exiting the McDonalds and entering the SUBJECT VEHICLE. TRACY exited the SUBJECT VEHICLE approached UV-3, and later reentered the SUBJECT VEHICLE after a brief interaction with UM-2.

11. Based on my training and experience, your affiant believes TRACY conducted a narcotics transaction with UM-2 while operating the SUBJECT VEHICLE.

12. On March 27, 2015, a LCSO executed a search warrant at TRACY's residence which was then located at 111 N. 16th St #6, Purcellville, Virginia. TRACY was found inside

4

the residence and taken into custody for distribution of cocaine. Narcotics were not located during the search of TRACY's residence, but $1,895.00 was seized, which TRACY advised belonged to him. Following the search, TRACY was interviewed by LCSO detectives. TRACY admitted that he sold crack cocaine, and had conducted two separate crack cocaine deals earlier that same day—March 27, 2015. TRACY believed police were watching him, and destroyed any remaining crack cocaine in his possession before the warrant was executed. TRACY told investigators that he purchased between 1.5 and 2 ounces of cocaine every few days.

13. LCSO detectives learned that TRACY was convicted in the Eastern District of Virginia for conspiracy to distribute crack cocaine in 2006 (1:16-cr-480). Furthermore, law enforcement also learned that TRACY was recently released from federal prison after serving a sentence in connection with this charge. As of the time of this writing, your affiant believes TRACY is still serving a five (5) year period of supervised release in connection with his aforementioned conviction.

## NEWLY DISCOVERED CIRCUMSTANCES DEMONSTRATING PROBABLE CAUSE

14. In or around January 2016, an LCSO detective interviewed a cooperating source (CS-1) regarding TRACY's drug trafficking activities and that of others involved in drug trafficking in Loudoun County, Virginia. According to the CS-1, TRACY was being supplied quantities of cocaine from a source in Winchester, Virginia. TRACY later converted the cocaine into cocaine base ("crack"), which he redistributed to customers in Loudoun County, Virginia. CS-1 stated TRACY frequently drives, or is a passenger, in a black Lincoln Navigator which regularly travels to Winchester, Virginia to purchase cocaine. CS-1 provided LCSO detectives

5

Case 5:16-mj-00033-JCH   Document 3   Filed 11/22/16   Page 6 of 13   Pageid#: 9

with a cell phone number associated with TRACY's then girlfriend, CARTER, who typically accompanies TRACY to Winchester, Virginia where they purchase cocaine.

15. In or around April 2016, the FBI, the LCSO, and the LPD detectives were introduced to KENNETH TRACY (KENNETH) while conducting a parallel investigation into the distribution of narcotics in Loudoun County, Virginia, located in the Eastern District of Virginia.

16. On or about November 3, 2016, law enforcement conducted a controlled purchase of suspected cocaine base with KENNETH. During that controlled purchase an LCSO undercover officer (UCE-1) observed a black Lincoln Navigator, the SUBJECT VEHICLE, in the parking lot of the meeting location. Investigators observed KENNETH exiting the SUBJECT VEHICLE and approach UCE-1's vehicle. KENNETH provided a baggie containing suspected cocaine base to another undercover officer in UCE-1's car, UCE-2, in exchange for $1,000.00. Investigators then observed KENNETH enter the back seat of the SUBJECT VEHICLE. The substance was subsequently field tested and returned positive results for the presence of cocaine. KENNETH commented to UCE-2 that KENNETH's source of supply of crack cocaine is KENNETH's nephew who resides in Stephens City, Virginia.

17. Based on my training and experience and knowledge of this investigation, your affiant believes the nephew to whom KENNETH referred as his source of supply of crack cocaine is TRACY.

18. A law enforcement database query showed the SUBJECT VEHICLE is registered to CHRISTINA PETERS (PETERS). A law enforcement query also showed PETERS's address is P.O. Box 1221, Middleburg, Virginia, 20118. According to a CS-1, PETERS is CARTER's mother, and CS-1 also believed CARTER was TRACY's girlfriend at the time. The relationship

6

Case 5:16-mj-00033-JCH   Document 3   Filed 11/22/16   Page 7 of 13   Pageid#: 10

between PETERS and CARTER was subsequently confirmed by a law enforcement database query.

19. Your affiant has learned that during the previous investigation into TRACY resulting in his conviction for distributing cocaine base in the Eastern District of Virginia (referenced in paragraph 13), law enforcement determined that TRACY's primary vehicle was the SUBJECT VEHICLE.

20. On or about November 4, 2016, LCSO detectives observed the SUBJECT VEHICLE parked outside 138 Hackberry Drive, Stephens City, Virginia, located within the Western District of Virginia.

21. A law enforcement database query confirmed that CARTER's address is 138 Hackberry Drive, Stephens City, Virginia.

22. A recent law enforcement database query also confirmed that CARTER and TRACY are married.

23. Based on the forgoing facts and my knowledge of this investigation, your affiant believes that TRACY and CARTER are cohabitating as husband and wife at 138 Hackberry Drive, Stephens City, Virginia.

24. On or about November 8, 2016, UCE-2 arranged a controlled purchase of 14 grams of crack cocaine from KENNETH with the understanding the crack would be provided by the same source of supply from the controlled purchase conducted on or about November 3, 2016. KENNETH agreed to meet UCE-1 in the parking lot of Buffalo Wild Wings, 524 Fort Evans Rd NE, Leesburg, Virginia. KENNETH approached UCE-1's vehicle. UCE-1 provided KENNETH with $1,200.00. KENNETH then entered a gold Nissan Altima bearing Virginia license plate

7

VSH-4292. Law enforcement identified the driver of the gold Nissan as CARTER. After a brief interaction, KENNETH approached UCE-1's vehicle and provided a plastic bag containing suspected crack cocaine, wrapped in a white paper towel. The substance was subsequently field tested and returned positive results for the presence of cocaine.

25. Based on my training and experience, your affiant believes KENNETH obtained the suspected crack cocaine from CARTER before providing it to UCE-1.

26. Based on the foregoing facts, your affiant believes there is probable cause showing that TRACY and CARTER are involved in an ongoing conspiracy to distribute cocaine base in the Eastern District of Virginia and are using the SUBJECT VEHICLE to facilitate the transportation and distribution of that and perhaps other illegal narcotics.

27. Your affiant believes that the requested GPS tracker will further this investigation by enabling law enforcement to:

   a. Corroborate information obtained during controlled purchases and physical surveillance;

   b. Identify TRACY's cocaine sources of supply, co-conspirators, and customers; and

   c. Establish TRACY's patterns as it pertains to narcotics trafficking

### REQUESTED ACCESS TO THE VEHICLE

28. In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, your affiant seeks authorization to install and place a tracking device on the SUBJECT VEHICLE while it is located at 138 Hackberry Drive, Stephens City, Virginia, which is located in the Western District of Virginia. It is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours

due to the nature of the investigation, to ensure the safety of the executing officer or officers, and to avoid premature disclosure of the investigation.

29. The installation and maintenance of a GPS tracking device requires an agent or agents being in close proximity to the vehicle for more than several minutes. In order to accomplish this without being detected, it is necessary to wait until the early hours of the morning, when the neighborhood is clear of pedestrians. For that reason, I am requesting authority to install/maintain the tracking device at any hour of the day or night, as required.

30. Once the tracking device has been installed on the SUBJECT VEHICLE, it may be necessary to repair, maintain, adjust, replace, monitor, and/or remove the tracking device. Additionally, it may be necessary to install or to repair, maintain, adjust, replace, monitor, and/or remove the tracking device at night, for safety reasons.

31. The attachment of the electronic tracking device, and any necessary repairs, maintenance, adjustments, replacements, or monitoring of such device, as well as the removal of such device at the conclusion of the monitoring authorized by the Court, will be accomplished in such a way as to minimize the amount of intrusion or trespass of any premises where the vehicle is located.

32. Accordingly, your affiant respectfully requests that the Court's order authorize FBI Special Agents and Task Force Officers, or other authorized officers to enter into the SUBJECT VEHICLE in a parking area of TRACY's residence for the purpose of installing, repairing, maintaining, adjusting, replacing, monitoring, and/or removing the tracking device. Because the possibility exists that TRACY may park the SUBJECT VEHICLE in driveways and on other private property, it may be necessary to enter onto 138 Hackberry Drive, Stephens City, Virginia,

9

in order to effect the installation, repair, maintenance, adjustment, replacement, monitoring and removal of the tracking device.

33. In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

34. It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court to avoid premature disclosure of the investigation, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained at the United States Attorney's Office and may be provided to Special Agents and other law enforcement officers of the FBI, federally deputized state and local law enforcement officers, and other, as well as government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

35. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period of 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

## CONCLUSION

36. WHEREFORE, pursuant to this Court's authority under Federal Rule of Criminal Procedure 41 and in accordance with Title 18, United States Code, Section 3117, given the

10

information set forth above, there is probable cause to believe that TRACY is engaging in narcotics trafficking activity in violation of Title 21, United States Code, Sections 841(a)(1) and 846, that TRACY is using the SUBJECT VEHICLE in furtherance of such activity, and that the installation and use of an electronic tracking device on the SUBJECT VEHICLE described herein will lead to additional evidence of TRACY's narcotics trafficking activity and identify additional members of the narcotics trafficking conspiracy. Accordingly, your affiant respectfully requests that the Court issue an order authorizing members of the FBI, associated TFOs, or other authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above described investigation, to install a tracking device in or on the SUBJECT VEHICLE within the Western District of Virginia within 10 calendar days of the issuance of the requested warrant, and to remove said tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to enter and/or move the SUBJECT VEHICLE during both daytime and nighttime hours to affect the installation, repair, maintenance, adjustment, replacement, monitoring and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Virginia.

37. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Received by reliable electronic means and sworn and attested to by telephone on November 22, 2016.

_____
Nathan K. Ferguson
Detective, LCSO / TFO, FBI

~~Subscribed and sworn to before me on the xxth day of November 2016.~~

_____
The Honorable Joel C. Hoppe
United States Magistrate Judge
Western District of Virginia

12